A petition for a rehearing was filed in this case and granted, and the record has been re-examined in *Page 659 
the light of the matters urged in the petition. Respondent's reasons why the opinion previously rendered should be modified come under two principal heads, of which the first is that this court in its opinion misconstrued the trial court's instruction No. 7 in holding that this instruction advised the jury that there was no evidence to support the claim of appellants that they had paid Materne Brothers $4,000 on account of work performed for Lee Paus.
Instruction No. 7 advises the jury that "by paragraph V of defendant's affirmative defense, the defendants allege that by reason of the default of Lee Paus to continue the performance of said contract entered into between Lee Paus and the defendants, the defendants were forced to procure other parties to finish said contract, and paid to Materne Brothers $4,122.25. . . . that there is no evidence showing the amount of sand and gravel hauled by. . . . these parties, and that there is not sufficient evidence to sustain the allegations that said amounts should be set off against the plaintiff, and you are, therefore, instructed to disregard said item[s]."
The evidence shows that Fiorito Bros. paid $4,122.25 to Materne Brothers, of which sum it is admitted that at least $4,000 was for hauling done by the latter firm for Lee Paus while the contract was in force, and the evidence tends to establish that the remainder was for hauling done for Fiorito Bros. in continuing the work after the contract was breached by Lee Paus. Now, if we understand instruction No. 7 correctly, the court advises the jury that since there is no evidence showing the amount of sand and gravel hauled by Materne Brothers, and since there is no evidence to sustain the allegations of paragraph V, said sum of $4,122.25 should be disregarded by the jury and not considered as a set-off against the claim made by the assignee of Lee Paus. As it is admitted under the record in this case that at least $4,000 of this sum of $4,122.25 was a proper set-off, the trial court committed error in instructing the jury to disregard the item in its entirety. *Page 660 
But it is urged on behalf of respondent that whatever error there might be in instruction No. 7 was cured by the other instructions given, particularly Nos. 2 and 11.
Instruction No. 2 contained a mere recital in condensed form of the allegations of the pleadings, without comment thereon, including a statement that appellants alleged "that while Lee and Paus were hauling sand and gravel for defendants, they became indebted to Materne Brothers for trucks furnished in the work in the sum of $4,000, and on the 11th of September, 1922, they paid Materne Brothers the said sum of $4,000. . . ."
Instruction No. 11 was as follows:
"You are instructed that defendants are entitled as an offset against any amount that might become due to Lee Paus for their work in hauling sand and gravel any sum of money paid by them, the defendants, in payment of labor bills or material bills incurred by Lee and Paus and any sum paid for hauling sand and gravel in the construction of said highway over and above the amount for which Lee Paus contracted to haul the same, provided that the sum paid for the finishing of the hauling of said sand and gravel was, under the circumstances, a reasonable sum."
There was only one payment made by Fiorito Bros. to Materne Brothers, and that was the item of $4,122.25. In one instruction the jury were told to disregard the whole of this specific amount as a set-off against the claim of respondent. In other instructions the jury were advised in general terms that Fiorito Bros. were entitled to set off against respondent their payments of bills incurred by Lee Paus, but the item of $4,122.25 was not specifically mentioned or referred to in such a manner as to inform the jury that by instruction No. 7 the court did not intend to convey that this payment should be disregarded as a set-off from any and all points of view, or that it might not be in part a valid set-off. When an instruction is in part misleading, and considered in connection with other instructions is confusing, so that it is doubtful whether the jury could have understood from the instructions that certain *Page 661 
evidence could be considered by them in arriving at a verdict, and it is impossible to determine whether or not they did consider it, a new trial should be granted.
The second reason advanced by respondent is that the court erred in assuming that the jury found that ninety cents per cubic yard was a reasonable price to be paid by appellants for the hauling of the remainder of the sand and gravel necessary to fill the Lee Paus contract, and erred also in basing an estimate of the amount of damages recoverable by appellants upon that rate without reference to certain evidence in the record to the effect that eighty cents per cubic yard was a reasonable price for such hauling. There was evidence that the ninety cents per cubic yard paid by appellants to the Cascade Investment Company for the completion of the hauling left unfinished by Lee Paus was a reasonable price; there was other testimony that eighty cents was a reasonable price. Under such circumstances it was for the jury to say what was a reasonable price. Whether they found it to be eighty cents or ninety cents per cubic yard, we are unable to say from the record.
In view of the unsatisfactory state of the record we conclude that we are justified in ordering that the judgment be reversed and a new trial granted. Appellants recover their costs in accordance with the previous opinion.
William A. Lee, C.J., and Taylor, J., concur.